ALDEN B. FARRINGTON, *Plaintiff in error, versus* SAMUEL HOWARD.

An order from the commanding officer of a militia company, addressed to a private in the company, directing him to warn the persons therein named, his own name being on the list with the others, to attend at a company training, is a sufficient warning for him to attend.

ERROR, to reverse the judgment of a justice of the peace, whereby the plaintiff was adjudged liable to a fine, for non-appearance at a militia company training. The only question was, whether he was sufficiently warned. The defendant in

error was commanding officer of the company, to which the plaintiff belonged, and issued an order to the plaintiff, commanding him to warn all the persons whose names were annexed to the order. In that list was the name of the plaintiff, and below said list he made a return in writing, that he had warned all the men named therein.

*H. E. Prentiss,* for defendant in error.

1. Farrington having made a return, that he had warned himself to appear, thereby acknowledges, that he was warned, and is estopped to deny his own return.

2. Without that acknowledgment, he was bound to attend. When the commanding officer orders a private to warn the non-commissioned officers and privates of the company, annexing a list of their names, including the name of the private, thus ordered to warn the rest, this private is bound to attend himself without further warning. It is an order to *him* to attend also. It is not necessary, that the captain should make out another order to another private to warn the first one. Such a construction would be inconvenient, and contrary to the intention of the statute.

This point has been decided in Massachusetts, under a militia law, similar in this respect to our own. *Cobb* v. *Lucas,* 15 Pick. 1.

*D. T. Jewett,* for plaintiff in error. — A private cannot warn himself; the order was here for him to warn the men, and the return cannot be construed as embracing himself. 15 Maine, 447.

The case referred to in Massachusetts is plainly distinguishable from the one at bar.

Wells, J. — It was decided in the case of *Nickerson* v. *Howard,* 25 Maine, 394, that the defendant in error was to be regarded as the commander of the company, and that no private in the company could be excusable for refusing submission to him in that capacity.

But it is contended, that the plaintiff in error was not duly warned to attend the meeting of the company.

It appears, that an order from Howard was addressed to him, commanding him to warn the men, whose names were annexed to the order, that his own name was in the list annexed, and he returned at the bottom of the order and below the list, that he had warned all the men named in the list.

In the case of *Cobb* v. *Lucas*, 15 Pick. 1, it does not appear, that the name of the private was in the list, but in the margin of it, there was a direction to him to appear, agreeably to the order. And this was held a sufficient warning.

The name of the plaintiff in error having been in the list of those, whom he was ordered to warn, the reception of it was equivalent to a notice for him to appear, and by reading the order and list, he obtained the same information for himself, which he was directed to communicate to the other members of the company. *Judgment of the Court below affirmed.*